UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O   JS-6

# CIVIL MINUTES - GENERAL

| Case No. | 5:16-cv-00716-CAS (SPx) | Date | December 8, 2016 |
|---|---|---|---|
| Title | CHRISTOPHER CHARLES CHEBELEU V. GREEN TREE SERVICING, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   (IN CHAMBERS) PLAINTIFF'S REQUEST TO DISMISS THE COMPLAINT (Dkt. 17, Filed November 29, 2016)

The Court finds these motions appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local Rule 7-15.

On November 29, 2016, plaintiff, acting pro se, filed a "Request for Leave to Withdraw [the] Complaint Without Prejudice." Dkt. 17. From plaintiff's filing it is clear that he seeks to dismiss this action without prejudice so that, according to him, he may better prepare to litigate the issues herein before bringing it again.

On December 5, 2016, defendants filed an objection to plaintiff's request to voluntarily dismiss the complaint. Dkt. 20. Defendants oppose the instant request by observing that, in granting their most recent motion to dismiss on November 8, 2016, the Court granted plaintiff 21 days leave in which to amend the complaint. Id. To date, plaintiff has not filed an amended complaint, but instead seeks the dismiss this action voluntarily.

Pursuant to Federal Rule of Civil Procedure 41(a) a plaintiff may "dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Accordingly, pursuant to Rule 41(a), a plaintiff has an "absolute right" to dismiss an action without prejudice if it satisfies the conditions of Rule 41(a). Pedrina v. Chun, 987 F.2d 608, 610 (9th Cir. 1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:16-cv-00716-CAS (SPx) | Date | December 8, 2016 |
|---|---|---|---|
| Title | CHRISTOPHER CHARLES CHEBELEU V. GREEN TREE SERVICING, LLC, ET AL. | | |

The filing of notice itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

Id. (quoting American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir.1963)). Defendants have not filed an answer or motion for summary judgment in this action. Therefore, it is plaintiff's right to dismiss this action.

The fact that plaintiff has filed a request seeking leave to dismiss his complaint rather than a notice of dismissal does not matter. See e.g. Roddy v. Dendy, 141 F.R.D. 261, 261 (S.D. Miss. 1992) ("Although the document filed by [plaintiff] was denominated a Motion for Voluntary Dismissal rather than a notice of dismissal as specified in Rule 41(a)(1), the Court finds this distinction to be without legal significance since the effect desired by [plaintiff] in filing the document with the Court was clearly to have his claims dismissed without prejudice"). Accordingly, plaintiff's filing acts as notice of voluntary dismissal and plaintiff's complaint is appropriately **DISMISSED without prejudice**.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CL |